KATE S. GOLD (SBN 156117) (Counsel Designated for Service)
Kate.Gold@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1500
Los Angeles, CA 90067-1517
Telephone:   (310) 203-4000
Facsimile:   (310) 229-1285

JAIME D. WALTER (SBN 281066)
Jaime.Walter@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:   (415) 591-7500
Facsimile:   (415) 591-7510

Attorneys for Defendant
BED BATH & BEYOND INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR MAGAZINER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BED BATH & BEYOND, INC., and DOES 1 through 5, inclusive,<br><br>　　　　　Defendants. | Case No. _____<br><br>Placer County Superior Court Case No. SCV0039281<br><br>**BED BATH & BEYOND INC.'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint Filed: March 20, 2017<br>Trial Date: None Set |

1. On March 20, 2017, plaintiff Taylor Magaziner ("Magaziner") filed a complaint ("Complaint") in the Superior Court entitled "TAYLOR MAGAZINER, Plaintiff vs. BED BATH & BEYOND, INC., and DOES 1 through 5, inclusive, Defendant," designated as Case No. SCV0039281. A true and correct copy of the Summons and Complaint are attached as Exhibit "A" to the Declaration of Kate S. Gold in Support of Defendant Bed Bath & Beyond Inc.'s Removal to Federal Court ("Gold Decl.").

2. On May 30, 2017, Plaintiff, through his counsel, caused a copy of the Summons and Complaint to be served on Bed Bath & Beyond Inc. ("BBBY"). *See* Gold Decl., ¶ 2. No other initial pleadings have been received by BBBY in this action. Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by BBBY (the only named defendant) and is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Notice of this removal is being given to both the adverse party (Magaziner) and the Superior Court pursuant to 28 U.S.C. § 1446(d). *See* Gold Decl., ¶ 3 & Exh. B thereto. Exhibits A through B to the declaration of Kate S. Gold constitute all process, pleadings, and orders served on or by BBBY in this action. *See* Gold Decl., ¶ 3.

4. Venue of this action exists in this district pursuant to 28 U.S.C. § 1441(a) because the Superior Court is located within Placer County, within this district.

5. As further detailed below, this action is one over which this Court has original jurisdiction and may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b), on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

6. **There is Complete Diversity of Citizenship.**

A. BBBY is informed and believes, and on that basis alleges, that Magaziner is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a), because his place of residence and domicile is and was within the State of California. *See* Declaration of Lisa Herkness in Support of Bed Bath & Beyond Inc.'s Removal of Civil Action to Federal Court ("Herkness Decl."), ¶ 6; Complaint, ¶ 1.

B.      "[A] corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business." 28 U.S.C. § 1332(c)(1). BBBY is now, and was at the time this action was commenced, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(a), as follows: BBBY is a corporation incorporated and organized under the laws of the State of New York. Declaration of Michael H. Wilck in Support of Defendant Bed Bath & Beyond Inc.'s Removal to Federal Court ("Wilck Decl."), ¶ 3. Its principal offices are located at 650 Liberty Avenue, Union, New Jersey 07083, and that is where executive-level decisions are made. *Id.* Thus, in addition to New York, its place of incorporation, BBBY is also a citizen of the State of New Jersey for purposes of diversity jurisdiction because its "principal place of business"—its "nerve center"—is located in New Jersey.[1] See *Hertz Corp. v. Friend*, 599 U.S. 77, 130 S. Ct. 1181, 1186 (2010).

C.      The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

D.      Based on the foregoing, because Magaziner and BBBY are citizens of different states, there is complete diversity of citizenship.

7.      **The Amount in Controversy Exceeds $75,000.**

A.      In his Complaint, Magaziner alleges that "[a]t *all* times during his employment, [he] was wrongfully classified as exempt from overtime." Complaint, ¶ 5 (emphasis added). He claims he "was required to work a *minimum* of 10 hours a day in one of sixteen stores to which he had been assigned, as well as spend *additional hours* traveling amongst those stores." *Id.* at ¶ 6 (emphasis added). He also claims to have worked on-call hours. *Id.* at ¶ 18. On this basis, Magaziner asserts claims for failure to pay overtime, failure to pay all wages

---

[1] Even where a corporation engages in significant activities in a state, its principal place of business remains the location of its "nerve center," where corporate operations are run. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940–41 (C.D. Cal. 2011) ("Plaintiff assumes Defendant ... is a California company because of its highly visible business activities within the state; however, Defendant has pled facts indicating its executive-level decisions are made from [the] ... Company's Waltham, Massachusetts headquarters and, under the 'nerve center' test, the Court finds that to be determinative.").

due at the time of termination, and failure to keep accurate timecards. *See id.* at ¶¶ 13–22. Magaziner also asserts a claim for defamation. *Id.* at ¶¶ 23–25.

      B.      As a result of BBBY's alleged conduct, Magaziner claims to have been "exposed to contempt" that has caused him "to be injured in his occupation and reputation." Complaint, ¶ 24. He seeks compensatory damages, special damages, general damages, punitive damages, interest, costs, and attorneys' fees. *Id.* at pp. 5:23–6:4.

      C.      Magaziner's failure to specify in his Complaint the amount of damages he seeks does not deprive this Court of jurisdiction. *See Levine v. BIC USA, Inc.*, No. 07cv1096-LAB (RBB), 2007 U.S. Dist. LEXIS 60952, at *7–8 (C.D. Cal. Aug. 19, 2007). If a plaintiff's complaint is silent as to the amount of claimed damages, then the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Here, based on the nature of the allegations, Magaziner's compensation at BBBY, the multiple damages sought, and Magaziner's *own admission* in a settlement demand letter, Magaziner has placed in controversy an amount exceeding $75,000, exclusive of costs and interest.

### Settlement Demand Letter

(i)      Magaziner's own admissions in a settlement demand letter support this conclusion. In the letter, Magaziner contends that **$220,000** is in controversy (Gold Decl., Exh. F at p. 6): $70,000 for overtime pay (*id.* at p. 2); $4,000 for allegedly inaccurate wage statements (*id.*); $6,923 for waiting time penalties (*id.* at p. 3); and $139,077 for defamation (*see id.* at pp. 3–6). Accordingly, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

### Allegations in the Complaint

(ii)      Setting aside Magaziner's own contentions, the nature of the allegations in the Complaint also supports a finding that more than $75,000 is in controversy.

///

**Overtime Claim:**

(iii)   Magaziner claims that since his employment began "on or about June 24, 2011," he was "wrongfully classified as exempt from overtime." Complaint, ¶ 5. He also claims that "[u]pon his hire, [he] was required to work *a minimum of 10 hours a day* in one of sixteen stores to which he had been assigned, as well as spend *additional hours* traveling amongst those stores." *Id.* at ¶ 6 (emphasis added). He further claims that "[d]uring his employment, [his] responsibilities increased to include responsibility for twenty-two stores." *Id.*

(iv)   Magaziner's employment terminated on June 30, 2016. Herkness Decl., ¶ 7; *see also* Complaint, ¶ 9. While employed, Magaziner earned a salary of $52,224.12 as of May 7, 2013; $56,402.06 as of May 7, 2014; $57,643.04 as of May 6, 2015; and $58,911.32 as of May 3, 2016. *Id.* at ¶ 8. Accordingly, taking a conservative approach by (1) assuming that Magaziner worked only 10 hours per day—and disregarding the "additional hours" of travel Magaziner claims to have worked, (2) disregarding Magaziner's alleged on-call hours, and (3) using only the smallest salary figure during the statutory period, the amount in controversy for Magaziner's overtime claim is $44,817.[2]

**Waiting Time Penalties Claim:**

(v)   Magaziner's Second Cause of Action is brought pursuant to Labor Code sections 201 through 203. Complaint, ¶ 19. Pursuant to Labor Code section 203 ("Section 203"), Magaziner may recover so-called "waiting time" penalties for any wages not timely paid to him upon termination of his employment. Per Section 203, unpaid (and untimely) termination wages continue as a "penalty from the due date thereof at the same rate until paid or until an action therefor is commenced . . ." up to 30 days. *Id.* § 203(a).

(vi)   Magaziner seeks the full value in waiting time penalties. Complaint, ¶ 18 ("Defendant has failed to pay Plaintiff all of his compensation owed based on

---

[2] The statute of limitations for Magaziner's overtime claim is three years. *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (1988). Thus, if Magaziner's allegations were true, he would be entitled to overtime pay for the period of March 20, 2014, to June 30, 2016. *Using only the lowest annual salary Magaziner earned during this time*, the calculation is as follows: $52,224 Annual Salary ÷ 2080 Annual Hours = $25.11 Hourly Rate. $25.11 x 1.5 = $37.66 (Overtime Rate). $37.66 x 2 Hours Per Day x 5 days Per Week x 119 Weeks of Employment = $44,817.

hours worked during his employment, including overtime hours and on call hours. Defendant knew that the compensation was owed, and refused and continues to refuse to compensate Plaintiff accurately for services rendered to Defendant."). Accordingly, his claim places an additional $9,346 in controversy.[3]

### Wage Statement Penalties Claim:

(vii)   Magaziner claims that, due to allegedly inaccurate wage statements, he is entitled to $50 for the initial violation and $100 per pay period "for each additional violation up to $4,000 plus an award of reasonable attorney's fees and costs." Complaint, ¶ 21; *see also* Cal. Lab. Code § 226(e).

(viii)   Based on Magaziner's allegation that he was "required to work a minimum of 10 hours a day in one of sixteen stores to which he had been assigned, as well as spend additional hours traveling amongst those stores," (Complaint, ¶ 6) there would have been unrecorded and missing wages and hours on each itemized wage statement between the start of the statutory period—March 20, 2016—and his termination on June 30, 2016.[4] During this period, there were eight pay periods and corresponding wage statements. Herkness Decl., ¶ 9. Thus, Magaziner's claim for penalties puts an additional $850 in controversy.[5]

### Defamation, Punitive Damages, and Attorneys' Fees:

(ix)   Magaziner also has a claim for defamation and requests punitive damages and attorneys' fees. Setting aside any amounts attributable to his defamation claim and request for attorneys' fees, it is clear that, based *only* on his claim for punitive damages, more than $75,000 is in controversy.[6]

---

[3] This calculation uses Magaziner's salary as of the time of his termination: $58,911.32. 30 days x (($28.32 Hourly Rate x 8 Regular Hours) + ($42.48 Overtime Rate x 2 Overtime Hours)) = $9,346.

[4] The statute of limitations is one year. *See, e.g., Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) ("Recovery under § 226(a) constitutes a penalty and is therefore governed by a one-year statute of limitations under California Code of Civil Procedure § 340(a).").

[5] $50 Initial Violation Penalty + (8 Pay Periods x $100 Subsequent Violation Penalty) = $850.

[6] In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)

(x)   "When assessing the probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation." *See Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011). In this case, a review of verdicts shows that the amount in controversy is satisfied.[7] *See, e.g.*, Gold Decl., Exh. C ($250,000 punitive damages award in *Smith v. Orange Blossom Lines, Inc.*, No. YC029244 (L.A. Cty. Sup. Ct. Sept. 25, 1998), a slander and libel suit where plaintiff claimed that defendants were responsible for a letter that accused plaintiff, an Army officer, of allowing his troops to use marijuana and alcohol, which resulted in loss of promotion and loss of several prestigious positions for plaintiff); *id.*, Exhs. D at p. 4 and E at ¶¶ 32, 54 (showing punitive damages award of $3,000,000 in *Sallustio v. Kemper Independence Ins. Co.*, No. 34-2007-00882286 (Sac. Cty. Sup. Ct. May 22, 2014), a defamation action where defendant told third parties that plaintiff—an employee of defendant—violated company policies, was a poor performer, was incompetent, was an unskilled manager, and failed to perform his duties). Thus, the amount in controversy in this action plainly exceeds $75,000. *See Campbell*, 825 F. Supp. 2d at 1009 (providing that "[w]hile an award of punitive damages and attorney's fees alone would not necessarily exceed $75,000, when viewed in combination with the alleged compensatory damages totaling at least $60,000, the amount in controversy clearly exceeds the jurisdictional minimum").

8. Based on the foregoing, because there is complete diversity of citizenship between

---

("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount). Moreover, in assessing whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability").

[7] This notice discusses the nature and amount of damages placed at issue by Magaziner. BBBY's reference to specific damage amounts and related analysis are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Nothing contained herein shall constitute an admission of liability or a suggestion that Magaziner can or will recover damages from BBBY.

| | |
|---|---|
| 1 | the parties and because the amount in controversy, exclusive of interest and costs, exceeds |
| 2 | $75,000, this action may be removed to this Court. |

Dated: June 29, 2017            DRINKER BIDDLE & REATH LLP

By: _____
Kate S. Gold
Jaime D. Walter

Attorneys for Defendant
BED BATH & BEYOND INC.

89029045.2

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES